The opinion of the Court was delivered by
Wardlaw, J.
This action was brought to recover one thousand dollars, with interest, on the promise of defendant’s testator to pay this sum to the plaintiff, testator’s son-in-law, if he would purchase as a home a particular plantation in the neighborhood, offered for sale at auction, in abandonment of plaintiff’s purpose to remove with his family from the vicinage of the testator. The plaintiff did purchase the land at a high price; and testator, towards fulfilment of his promise, soon afterwards took his crop to market in order to raise, by sale, money to pay the one thousand dollars, but died in the course of his return from market. The jury found for the plaintiff, and defendant appeals.
By the first ground of appeal, defendant insists that the promise, not being in writing, and not required to be performed within a year, is void by the Statute of Frauds. By the fourth section of that statute, 2 Stat. 526, it is provided, among other things, that a party shall not be charged by action, upon any verbal agreement that is not to be performed within the space of one year from the making thereof. But in this case the promise was to pay without limitation of time, and -in reference to a contract of purchase expected to be made, and in fact made, within a year; ■ and as the payment was to be made in aid of the purchase, the money was promised and due at the date of the purchase. ■ The statute does not require that the agreement shall be executed absolutely within a year, and it is not inhibited by the statute that the *701 execution of the agreement shall depend on a contingency which may or may not happen within a year. Gadsden vs. Lauce, McMul. Eq. 87. It is argued, that as in fact the plaintiff purchased, the land on a credit of one, two and three years, the promise to pay one thousand dollars must be interpreted, in reference to the terms of purchase made, as a pro^. mise to pay one thousand dollars in instalments of one, two and three years. But this is a forced construction. The natural interpretation, aided by the relation of the parties, the motive of advancement, and all the circumstances, is, that the testator intended to advance the sum mentioned to his son-in-law, in furtherance of the purchase, whenever the purchase should be made.
In the second ground of appeal, it is affirmed that there was no sufficient consideration for the promise. A consideration may consist as well of benefit to the promisor as of injury to the promisee. Now, here the obstruction of plaintiff’s purpose of removal, and the retention by defendant of the society of his daughter and her family, constitute a good consideration.
Most of the cases cited by the counsel of appellant are more applicable to the provision in the 4th section of the Statute of Frauds, requiring a promise to answer for the debt of another to be in writing. It is enough to say, that the question thus suggested is not covered by the appeal. It could not well arise except in a contest between the vendor ' and the representative of the promisor.
Apart from all this, the litigated promise is an original and not a collateral promise, and is founded on sufficient consideration.
Ordered, that the appeal be dismissed.
O’Neall, O. J., and Johnstone, J., concurred.

Motion dismissed.